**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CLINTON COX,**

    **Petitioner,**

**v.**                                                                       **Civil Action No. 3:14cv21**
                                                                         **(Judge Groh)**

**TERRY O'BRIEN, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On February 12, 2014, the *pro se* petitioner, Clinton Cox, ("petitioner") filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, maintaining that newly discovered evidence establishes his actual innocence. That same day, the Clerk of Court mailed petitioner a Notice of Deficient Pleading, which informed him that he must either pay the $5 filing fee or submit an application to proceed *in forma pauperis* and submit his petition on this court's approved form. On February 24, 2014, the petitioner filed his court-approved form and on May 1, 2014, he paid the $5.00 filing fee. On May 2, 2014, the undersigned reviewed the petition and determined that summary dismissal was not appropriate. Accordingly, the respondent was directed to show cause why the petition should not be granted. On June 2, 2014, the respondent filed a Motion Dismiss. One June 3, 2014, a Roseboro Notice was issued, and on June 9, 2014 the petitioner filed a response in opposition.

### II. FACTS[1]

On August 1, 2001, a grand jury, sitting in the District of Connecticut, returned a twenty

---

[1] Petitioner's original case can be found on Pacer at 3:00cr69-AWT, United States District Court for the District of Connecticut..

Count Superseding Indictment against the petitioner and his brother. Count 1 charged the petitioner with conspiring to possess with the intent to distribute and to distribute 50 grams or more of cocaine base between approximately January 1, 1997, and April 2000, in violation of 21 U.S.C. §§ 846 and 841 (b)(1)(A)(iii). Counts 4, 7 and 10 charged the petitioner with possessing with the intent to distribute and distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). Counts 5, 8 and 11 charged him with using and carrying a firearm during and in relation to the drug trafficking crimes alleged in Counts 4, 7 and 10, in violation of 18 U.S.C. § 924(c)(1)(A). Finally, Counts 6, 9, and 12 charged the petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C.§ 922(g)(1), but the government ultimately moved to dismiss those Counts.

During the petitioner's trial, a gun dealer, Frank D'Andrea ("D'Andrea"), was called as a witness to introduce business records from his gun store that corroborated testimony by cooperating witness Thomas Marazita ("Marazita"), that he purchased firearms at D'Andrea's gun store. Marazita testified that he acted as a straw purchaser of firearms from D'Andrea's gun shop for the petitioner and the petitioner's brother. On January 23, 2001, the jury returned guilty verdicts against the petitioner.

On September 12, 2001, the court sentenced the petitioner to concurrent terms of 360 months imprisonment on Counts 1, 4, 7 and 10, and consecutive terms of 60 months imprisonment on each of Counts 5, 8 and 11, for a total effect or term of imprisonment of 540 months. The court also imposed a ten-year period of supervised release and a $700 mandatory special assessment.

The petitioner filed a direct appeal, and on March 9, 2003, in a summary order and the separate published opinion, the Second Circuit affirmed his conviction and sentence. See United States v. Cox, 59 Fed. Appx. At 439.

In 2006, D'Andrea was investigated and charged with federal firearms violations arising out of his failure to register certain firearms as required of federally licensed firearms distributors. Thereafter, the petitioner filed a Rule 33 motion for a new trial, in which he made claims that there had been perjured testimony by D'Andrea and cooperating witness Marazita. On November 16, 2006, Judge Nevas, who presided over the petitioner's trial, rejected his claims and denied his Rule 33 motion.

On July 20, 2006, Judge Nevas issued a ruling denying the petitioner's first § 2255 petition. In his first § 2255 petition, the petitioner raises numerous ineffective assistance of trial counsel claims, all of which were rejected by the court.

On December 19, 2008, the petitioner filed a § 2241 petition in the Middle District of Pennsylvania challenging the legality of his § 924(c)(1)(A) convictions. On October 20, 2009, the Government's filed a response and agreed that the petition should be granted and requested that the case be transferred to District of Connecticut. On December 14, 2009, the case was transferred from the Middle District of Pennsylvania, and the District of Connecticut granted the § 2241 petition on January 7, 2010. As a consequence, the District of Connecticut vacated the petitioner's firearm convictions (Counts 5, 8, and 11). On February 4, 2011, the trial court entered an Amended Judgment as to petitioner, and resentenced the petitioner to 360 months as to each of the narcotics violations in Counts 1, 4, 7, and 10, the sentences to be served concurrently, with credit for time served. The amended judgment was entered on February 8, 2011, and the petitioner filed a timely notice of appeal on February 7, 2011.

On appeal, the petitioner challenged, among other things, the procedural and substantive reasonableness of the sentencing court's imposition of a 30-year sentence. On February 6, 2012, the

Second Circuit issued a summary order denying the petitioner's claims and affirming the sentence The mandate issued on February 27, 2012.

While the appeal of his resentencing was still pending at the Second Circuit, the petitioner filed a second § 2255 petition and two (2) subsequent motions to amend the second petition. In both the second petition and the amended second petition, the petitioner's arguments were based on or derivative of his contention that D'Andrea offered perjured testimony to corroborate testimony by Marazita that Marazita acted as a straw purchaser for the petitioner at D'Andrea's gun store. More specifically, the petitioner contended that he was entitled to relief pursuant to § 2255 because (1) his trial counsel was constitutionally ineffective by failing to properly investigate exculpatory information; (2) there existed newly discovered evidence that a trial witness, gun dealer D'Andrea, who years later was convicted of illegally possessing a street sweeper, offered perjured testimony at the petitioner's trial; and (3) the prosecution failed to disclose what he claimed was Brady/Giglio information relating to D'Andrea. On September 24, 2013, the District Court denied the petition because (1) the petition was untimely; (2) the claims in the petition were procedurally barred; and (3) the record did not support the petitioner claims of newly discovered perjured testimony. On September 30, 2013, the petitioner appealed the denial of the § 2255 motion, but the District Court denied him a certificate of appealability.

### III. ISSUES PRESENTED

In his pending § 2241 motion, petitioner seeks an order to "[r]everse petitioner's convictions and vacate, set aside, and/or correct sentence." (Docket No. 8 at 8.) In support of his request, petitioner alleging that he is actually innocent of the charges against him. More specifically, the petitioner alleges that "the only way [he] could have commited [sic] any of the crimes for which he

4

was convicted, is if he would have had a time machine for a car like Michael J. Fox, gone into the future and brought back a Strum Ruger P-Series-P95 Manual Safety model firearm from 2001 to the year of the instant offense, which was in 1999." (Doc. 1-1, p 14). For relief, the petitioner seeks an Order from this Court directing that he be released immediately.

The respondent, on the contrary, maintains that the petitioner has not established that the § 2255 remedy is "inadequate or ineffective." Therefore, the respondent argues that this petition must be denied.

## IV. **STANDARD OF PROOF**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint

need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## V. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his

sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his conviction and sentence rather than the means of execution and seeks an order, in effect, vacating his conviction. Accordingly, it is the type of challenge that ordinarily must be brought under § 2255 and not § 2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, at 1194. Moreover, in Jones, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the language in Jones, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

7

In the instant proceeding, the petitioner alleges that he is actually innocent of the crimes for which he was convicted. However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[2] This the petitioner has not, and cannot, do. Even if the petitioner satisfied the first and the third elements of Jones, the crimes for which the petitioner was convicted[3] remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, because the petitioner clearly attacks the validity of his conviction, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

Furthermore, the petitioner's attempt to invoke the holding in McQuiggin v. Perkins, 133 S.Ct. 1924 (2013) is misplaced. In McQuiggin, the Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the Schlup[4] standard. 133 S.Ct. At 1928. Thus, McQuiggin held that a claim of actual innocence can overcome the expiration of the statute of limitations only

---

[2] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

[3] Because the petitioner's conviction as to Counts 5, 9, and 11 (using and carrying a firearm during and in relation to a drug trafficking crime) were vacated, he stands convicted of Counts 1, 4, 7, and 10 which all deal with deal with drug related charges.

[4] Schlup v. Delo, 513 U.S. 298 (1995).

for an untimely **first** habeas application. 133 S.Ct. At 1928. The key to understanding McQuiggin is that the Supreme Court concluded that Congress, through its silence on the issue, did not intend to eliminate the pre-existing equitable "actual innocence" exception for an untimely first-time filer. See Id. at 1934. Notably for the petitioner, the McQuiggin Court expressly recognized that Congress, through § 2244(b), had intended to "modify" and "constrain[]" the "actual innocence" exception with respect to second or successive petitions. See Id. at 1933-34. Accordingly, nothing in McQuiggin allows the petitioner attack his conviction through successive §2244 or §2255 motions, let alone via a § 2241 motion.

## V. RECOMMENDATION

Based on the foregoing reasoning, the undersigned recommends that the respondent's Motion to Dismiss (Doc. 17) be **GRANTED**, and the petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in a waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected

on the docket sheet.

    DATED: 8-26-2014

                                               /s/ Robert W. Trumble
                                               ROBERT W. TRUMBLE
                                               UNITED STATES MAGISTRATE JUDGE