**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**CLINTON D. COX,**

    Petitioner,

**v.**                                      **CIVIL ACTION NO.: 3:14-CV-21**
                                                                 **(JUDGE GROH)**

**TERRY O'BRIEN, Warden,**

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the report and recommendation of United States Magistrate Judge Robert W. Trumble. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation. On August 26, 2014, Magistrate Judge Trumble conducted an initial review and filed his report and recommendation ("R&R"). ECF 31. In that filing, he recommended that this Court grant the Respondent's Motion to Dismiss, [ECF 17], and deny and dismiss with prejudice the Petitioner's 28 U.S.C. § 2241 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of a magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of a magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150

(1985). In addition, failure to file timely objections constitutes a waiver of de novo review and of a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days after being served with a copy of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The Petitioner was served with the R&R on August 29, 2014. The Petitioner timely filed his objections on September 5, 2014. Accordingly, the Court will undertake a de novo review of those portions of Magistrate Judge Trumble's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

**I. Background**

On August 1, 2000, a grand jury sitting in the Eastern District of Connecticut returned a twenty-count superseding indictment charging the Petitioner and others with numerous offenses. The Petitioner was named in ten of the twenty counts. Subsequently, a jury trial was held in the same district. During the Petitioner's trial, multiple witnesses provided incriminating testimony against him. One witness was Frank D'Andrea ("D'Andrea"), who testified about business records from his gun store. Another witness, Thomas Marazita ("Marazita") testified that he served as a "straw purchaser," buying firearms from D'Andrea for the Petitioner. On January 23, 2001, the jury found the Petitioner guilty of counts one, four, five, seven, eight, ten, and eleven of the superseding indictment. Counts one, four, seven, and ten were narcotics violations. Counts five, eight, and eleven charged the Petitioner with using and carrying a firearm during and in relation to a drug trafficking crime.

The Second Circuit Court of Appeals affirmed the Petitioner's conviction on March 19, 2003. On August 16, 2004, the Petitioner filed a motion to vacate under 28 U.S.C. § 2255. The United States District Court for the District of Connecticut denied that motion on July 20, 2006. On November 7, 2006, the Petitioner moved to amend his motion to vacate. On December 5, 2006, the district court denied that motion.

On December 19, 2008, the Petitioner filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania. That petition was successful, the matter was transferred back to the District of Connecticut, and ultimately the district court vacated the Petitioner's conviction as to counts five, eight, and eleven, which were the counts involving firearms. Accordingly, the district court entered an amended judgment on February 4, 2011, sentencing the Petitioner to 360 months imprisonment on counts one, four, seven, and ten–the narcotics violations–to be served concurrently. The Second Circuit Court of Appeals affirmed this sentence.

Subsequently, in October of 2011, the Petitioner filed a motion to vacate under § 2255 in the District of Connecticut. The district court denied that motion, and denied the Petitioner a certificate of appealability. While that § 2255 motion was pending, the Petitioner filed a § 2241 motion in the Western District of Pennsylvania. That motion was dismissed on July 25, 2013.

On February 12, 2014, the Petitioner filed the instant § 2241 petition in this Court. In his petition, he argues that D'Andrea committed perjury when testifying at the Petitioner's trial. Additionally, he argues that the trial testimony of both D'Andrea and Marazita could not have been true, because of the nature of the firearm offenses for which the Petitioner was convicted. To support these claims, the Petitioner provides various exhibits, including

transcripts of trial testimony and a newspaper article concerning D'Andrea's criminal conviction. The Petitioner avers this evidence serves to demonstrate his actual innocence of the crimes for which he was convicted.

The Respondent filed a Motion to Dismiss the instant petition on May 23, 2014. The Petitioner responded to the Motion to Dismiss on June 9, 2014. Magistrate Judge Trumble issued his R&R on August 26, 2014. In his R&R, Magistrate Judge Trumble recommended that this Court grant the Respondent's Motion to Dismiss, and that the Petitioner's § 2241 petition be denied and dismissed with prejudice. The Petitioner timely filed his objections to the R&R on September 5, 2014.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the petitioner, and must view the allegations in a light most favorable to the petitioner. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). But a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This standard requires a petitioner to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli,

588 F.3d 186, 193 (4th Cir.2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Twombly, 550 U.S. at 557).

### III.  Discussion

The Petitioner objects to Magistrate Judge Trumble's conclusion that the Petitioner could not meet the "savings clause" of § 2255, and therefore that the Petitioner cannot attack his conviction through a § 2241 petition claiming actual innocence.  The Petitioner argues that his claim of actual innocence illustrates the "inadequacy or ineffectiveness" of § 2255 and thus warrants relief under § 2241.

A petition filed under § 2241 must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence.  Relief under § 2241 is permitted for actions involving the computation of credit for pretrial detention, good time, and those seeking to shorten court-ordered sentences that are administered by prison officials.  See Reno v. Koray, 515 U.S. 50, 52-55 n.1 (1995).  On the other hand, a motion brought pursuant to § 2255 is a collateral attack upon the imposition of a prisoner's sentence.

Petitioners are generally prohibited from challenging their convictions and sentences through a habeas corpus petition under § 2241.  However, there is a "savings clause" in § 2255(e), which allows a prisoner to challenge the validity of his conviction under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an extremely stringent one.  A remedy is not inadequate or ineffective merely because a petitioner has been unable to obtain relief under § 2255.  In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).  In the Fourth Circuit, § 2255

5

is deemed to be inadequate or ineffective to test the legality of a conviction when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Here, the Petitioner is challenging the underlying validity of his conviction, and thus relief under § 2241 is inappropriate. Therefore, to demonstrate that he is entitled to relief, the Petitioner must be able to satisfy the savings clause of § 2255(e). However, looking to the second element of the In re Jones requirements, the crimes that the Petitioner was convicted of–as enumerated in the amended judgment–remain criminal offenses. There has been no substantive change in the law that would allow the Petitioner to meet this element. Because the Petitioner cannot meet the In re Jones requirements, relief under § 2255 is not inadequate or ineffective and the Petitioner cannot satisfy the savings clause. Accordingly, his § 2241 petition fails to state a claim upon which relief can be granted.

In arguing that he is entitled to relief, the Petitioner claims actual innocence and cites a string of cases, including McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), and United States v. Jones, 758 F.3d 579 (4th Cir. 2014). The Petitioner maintains that his conviction represents a miscarriage of justice, and that the Court should consider the merits of his claim. Notwithstanding the bar to his § 2241 petition as discussed above, the Court finds the Petitioner's actual innocence argument is facially inadequate and cannot survive a

motion to dismiss.

In McQuiggin, the Supreme Court allowed an actual innocence claim to proceed, despite a statutory time bar that otherwise would have prevented the claim from being heard under § 2244. 133 S. Ct. at 1928. However, McQuiggin concerned a first petition for habeas relief that raised a "convincing claim of actual innocence." Id. at 1934-35. The instant petition is, in reality, a successive petition for habeas relief that fails to meet the savings clause of § 2255 and does not allege sufficient facts to make out a plausible claim of actual innocence.

Furthermore, before an actual innocence argument may provide a gateway for an otherwise defaulted claim, a petitioner must offer reliable new evidence, in light of which it becomes "more likely than not that no reasonable juror would have convicted him." See Royal v. Taylor, 188 F.3d 239, 243-44 (4th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). But "not all miscarriage of justice claims are equivalent." Jones, 758 F.3d at 585. Here, taking all of the Petitioner's allegations as true, he has not alleged sufficient facts to demonstrate that any potentially false testimony was material to his conviction, particularly as to those offenses represented in the trial court's amended judgment. His assertions about witnesses' alleged dishonesty do not represent material new evidence. Even in light of those allegations, a reasonable juror could have found him guilty beyond a reasonable doubt. See McQuiggin, 133 S. Ct. at 1928. Because, as detailed above, the Petitioner cannot satisfy the savings clause of § 2255 or the requirements of any other potential avenue of review, his § 2241 petition fails to allege a plausible claim for relief and must be dismissed.

## IV. Conclusion

Upon careful review of the record, it is the opinion of this Court that Magistrate Judge Trumble's report and recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Additionally, the Petitioner's Objections are **OVERRULED**. It is further **ORDERED** that the Respondent's Motion to Dismiss is **GRANTED**, and the Petitioner's § 2241 petition is **DENIED and DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

The Clerk is **DIRECTED** to enter a separate order of judgment in favor of the Respondent. As the Petitioner is a federal prisoner seeking relief through a § 2241 petition, the Court makes no certificate of appealability determination in this matter.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket sheet.

**DATED**: January 6, 2015

GINA M. GROH
UNITED STATES DISTRICT JUDGE